# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTONY L. NELSON,

        **Plaintiff,**

        v.                         Case No.  06-2072-JWL

DANIEL D. RAINS, in both his individual
and official capacity, et al.,

        **Defendants.**

_____

## MEMORANDUM AND ORDER

This lawsuit arises from the defendants' alleged actions toward plaintiff Antony L. Nelson during and following a traffic stop.  Mr. Nelson asserts claims pursuant to 42 U.S.C. § 1983 and supplemental state law claims against defendants Daniel D. Rains, Warren M. Neff, and Alan E. Doty, the three City of Overland Park police officers who were involved in the incident; John M. Douglass, who is the chief of police of the City of Overland Park; the City of Overland Park itself; and Da'von B. Brame, a Kansas Highway Patrol officer who was involved in the incident.  This matter is currently before the court on defendant Brame's Motion to Dismiss Designated Claims (doc. #14), which the court construes as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because defendant Brame filed the motion after filing his answer to plaintiff's complaint.  The court will grant this motion in part and deny it in part for the reasons set forth below.

## BACKGROUND[1]

According to the allegations in Mr. Nelson's complaint, three passengers were riding in his vehicle with him the evening of March 2, 2004.   At approximately 11:00 p.m., Officers Rain and Doty pulled him over, Trooper Brame pulled up behind them and, at some point, Officer Neff also arrived at the scene.   Officer Rains directed Mr. Nelson to get out of the car. Officers Rains and Doty began trying to pull Mr. Nelson out of the car.   Meanwhile, Mr. Nelson repeatedly told them that he would get out of the car but that he was unable to unlatch his seatbelt because they were pulling on his arms and upper body.   The officers began striking Mr. Nelson (with and without instruments), kicking him, and they sprayed him with chemical mace or pepper spray.   Once Mr. Nelson was finally able to release his seatbelt, they pulled him from the car, threw him to the pavement, and continued to kick and beat him.   While he was lying handcuffed face down on the basement, they continued to batter, beat, and kick him.   Mr. Nelson sustained physical injuries and suffered physical and mental pain and trauma.   The entire incident was captured on videotape.

In order to cover up their own misconduct in battering, beating, and kicking Mr. Nelson, defendants conspired to and made false reports accusing him of battery against law enforcement officers and aggravated battery.   They falsely claimed that Mr. Nelson resisted leaving his car when, in fact, he was held in the car by the seatbelt which the officers would not

---

[1] Consistent with the well established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true all well pleaded factual allegations in plaintiff's complaint (doc. #1).

allow him to unlatch.    Mr. Nelson ultimately was prosecuted for obstructing/resisting a law enforcement officer.  This prosecution was later terminated in Mr. Nelson's favor.

Based on these allegations, Mr. Nelson asserts the following claims against defendants: claims pursuant to 42 U.S.C. § 1983 for (Count I) unconstitutional use of excessive force in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments against all defendants; (II) wrongful arrest and imprisonment and malicious prosecution in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments against all defendants; (III) conspiracy against defendants Rains, Neff, Doty, and Brame; (IV) for unconstitutional policies, practices, customs, and procedures against defendants Douglass and the City of Overland Park; and state law claims for (V) false arrest; (VI) abuse of process; (VII) negligence resulting in wrongful arrest and detention; and (VIII) malicious prosecution.

Defendant Brame now moves to dismiss some of these claims on the grounds that they fail to state a claim upon which relief can be granted.   As more fully explained below, the motion is largely unopposed and the court will grant those aspects of the motion on that basis. The parties' points of disagreement are limited to the issues of (1) whether Mr. Nelson's allegations are sufficient to state a § 1983 conspiracy claim and (2) whether those allegations state a state law claim for abuse of process.

**STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS**

A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard that applies to a Rule 12(b)(6) motion.  *Society of Separationists v. Pleasant*

3

*Grove City*, 416 F.3d 1239, 1241 (10th Cir. 2005).   Thus, judgment on the pleadings is appropriate only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief," *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).   The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff.   *Beedle*, 422 F.3d at 1063.   The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."   *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted); *accord Beedle*, 422 F.3d at 1063.

## DISCUSSION

For the reasons explained below, defendant Brame's motion is granted to the extent that it is unopposed.   It is otherwise denied with respect to the parties' disputes concerning whether plaintiff's complaint states a § 1983 conspiracy claim and a state law abuse of process claim.

**A.      § 1983 Excessive Force, Wrongful Arrest, and Malicious Prosecution Claims**

Defendant Brame asks the court to dismiss Mr. Nelson's § 1983 excessive force, wrongful arrest, and malicious prosecution claims insofar as Mr. Nelson asserts those claims under the Fifth, Eighth, and Fourteenth Amendments.   Defendant Brame does not ask the court to dismiss those claims in their entirety.   In Mr. Nelson's response, he states that he agrees

that those claims should be asserted only under the Fourth Amendment, and not under the Fifth, Eighth, and Fourteenth Amendments.   Accordingly, this aspect of defendant Brame's motion is granted as unopposed.   Mr. Nelson shall proceed on these claims based on the Fourth Amendment only.

**B.**     **§ 1983 Conspiracy Claim**[2]

Defendant Brame asks the court to dismiss Mr. Nelson's § 1983 conspiracy claim because, he contends, Mr. Nelson's complaint merely makes bald assertions and conclusory allegations of conspiracy that defendant Brame conspired to use excessive force, unlawfully detain Mr. Nelson, and cause Mr. Nelson to be maliciously prosecuted.   A plaintiff asserting a § 1983 conspiracy claim "must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998).   "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."    *Id.* (quotation omitted).   Mr. Nelson's complaint alleges specific facts from which reasonable inferences can be drawn that the four law enforcement officers agreed, at least implicitly, and engaged in concerted action to use unconstitutionally excessive force and to wrongfully arrest him in the absence of probable cause.   The complaint alleges that they were

_____

[2] Defendant Brame raises additional arguments in favor of dismissal of the Fifth Amendment and Eighth Amendment aspects of this claim.   The court will not consider these arguments because defendant Brame did not raise them for the first time until his reply brief. *See Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (argument raised for the first time in reply brief is waived); *Coleman v. B-G Maint. Mgmt.*, 108 F.3d 1199, 1205 (10th Cir. 1997) (issues not raised in the opening brief are deemed abandoned or waived).

all involved in beating and arresting Mr. Nelson that evening.  Accepting as true (as the court

must) that their use of force was excessive and that their arrest of Mr. Nelson was wrongful

because the officers knew that they were the initial aggressors instead of Mr. Nelson, a

reasonable inference can also be drawn that they agreed, again, at least implicitly, to participate

in the subsequent malicious prosecution of Mr. Nelson.   Consequently, the court is satisfied

that Mr. Nelson's complaint satisfies the liberal notice pleading standards of the Federal Rules

of Civil Procedure.   Accordingly, this aspect of defendant Brame's motion to dismiss is

denied.

**C.      State Law False Arrest Claim**

        Defendant Brame contends that Mr. Nelson's state law false arrest claim is barred by

the statute of limitations.   This claim is subject to the one-year statute of limitations set forth

in K.S.A. § 60-514(b).   *Brown v. State of Kansas*, 261 Kan. 6, 14-15, 927 P.2d 938, 943

(1996) (where substance of claim was for false arrest and imprisonment, the claim was subject

to the one-year statute of limitations set forth in § 60-514(b)).   The allegations in Mr.

Nelson's complaint pertaining to the allegedly false arrest arise from an incident that occurred

on March 2, 2004.   Mr. Nelson did not file this lawsuit until nearly two years later on March

1, 2006.   Because he did not bring this action within one year, then, this claim is barred by the

statute of limitations.   Indeed, Mr. Nelson concedes as much in his response to defendant

Brame's motion to dismiss.   Accordingly, this aspect of defendant Brame's motion to dismiss

is granted and this claim is dismissed.

**D.      Abuse of Process**

6

Defendant Brame contends that Mr. Nelson's abuse of process claim against him should be dismissed because the complaint asserts no specific allegations showing how defendant Brame abused the criminal court's process after it was issued.   Abuse of process exists when the defendant "'uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed.'"   *Hokanson v. Lichtor*, 5 Kan. App. 2d 802, 809, 626 P.2d 214, 222 (1981) (quoting the Restatement (Second) of Torts § 682 (1977)). In Kansas, the elements of an abuse of process claim are as follows: (1) that the defendant made an illegal, improper, perverted use of the process, (a use neither warranted nor authorized by the process), (2) that the defendant had an ulterior motive or purpose in doing so, and (3) that damage resulted to the plaintiff from the irregularity.   *Porter v. Stormont-Vail Hosp.*, 228 Kan. 641, 646, 621 P.2d 411, 416 (1980) (citations and quotations omitted).   An abuse of process claim concerns the improper use of process after it has been issued.   *Jackson & Scherer, Inc. v. Washburn*, 209 Kan. 321, 331, 496 P.2d 1358, 1366-67 (1972).

Mr. Nelson contends that his complaint alleges not only that the prosecution was wrongful at the outset, but also that it continued to be wrongful until it was ultimately dismissed more than a year later.   In Mr. Nelson's abuse of process claim he alleges that the defendants (which necessarily includes defendant Brame) unlawfully, maliciously and improperly used the court's process for an ulterior, improper, and illegal purpose.   *See* Compl. (doc. #1), ¶ 15, at 19.   While the court recognizes that Mr. Nelson's allegations on this issue are not terribly fact specific, the court cannot say that it appears Mr. Nelson can prove no set of facts under which he would be entitled to relief on this theory from defendant Brame.

7

Drawing all reasonable inferences in Mr. Nelson's favor, defendant Brame was involved in the prosecution against Mr. Nelson and his involvement was wrongful in the sense that it was designed to perpetuate the coverup of the officers' use of excessive force and wrongful arrest of Mr. Nelson.   The allegations in Mr. Nelson's complaint give defendant Brame fair notice of the nature of Mr. Nelson's abuse of process claim against him, which is all that is required at this procedural juncture.

**E.      Negligence Resulting in Wrongful Arrest & Detention**

Defendant Brame asks the court to dismiss Mr. Nelson's state law claim for negligence resulting in wrongful arrest and detention, independent of an action for false arrest and/or imprisonment, citing *Brown v. State*, 261 Kan. 6, 927 P.2d 938 (1996).   In Mr. Nelson's response, he states that although he disagrees with the Kansas Supreme Court's holding in *Brown*, he concedes that the Kansas Supreme Court is the ultimate arbiter of Kansas law. Because Mr. Nelson concedes this point and raises no argument to attempt to rebut defendant Brame's argument on this claim, then, the court grants this aspect of defendant Brame's motion as unopposed.

**F.      Official Capacity Claims**

Lastly, defendant Brame contends he is entitled to immunity on Mr. Nelson's official capacity claims against him.   The doctrine of sovereign immunity under the Eleventh Amendment generally bars actions for damages against state officials acting in their official capacities. *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000); *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619,

8

631 (10th Cir. 1998).   Mr. Nelson does not contend that the State of Kansas waived its Eleventh Amendment immunity in this case.   Furthermore, it is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983.   *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).   Indeed, Mr. Nelson states that he agrees that defendant Brame may not be sued in his official capacity. Accordingly, this aspect of defendant Brame's motion is granted and Mr. Nelson's official capacity claims against defendant Brame are dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Da'Von Brame's Motion to Dismiss Designated Claims (doc. #14) is granted in part and denied in part as set forth above.

**IT IS SO ORDERED** this 5th day of June, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge